12-159-cv
Fosco v. CUNY

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Street, in the City of New York, on the 22nd day of February, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
                  *Circuit Judges.*
         DAVID G. LARIMER,
                  *District Judge.*[*]

_____

MARIA FOSCO,

                  *Plaintiff-Appellant,*

         -v.-                                          12-159-cv

CITY UNIVERSITY OF NEW YORK, QUEENS COLLEGE, THE JOHN D. CALANDRA ITALIAN AMERICAN INSTITUTE,

                  *Defendants-Appellees,*

MATTHEW GOLDSTEIN, JAMES MUYSKENS, ANTHONY TAMBURRI,

                  *Defendants.*

_____

---

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANT:     STEVEN M. WARSHAWSKY, The Warshawsky Law
                   Firm, New York, NY.

FOR APPELLEES:     ANDREW AMEND, Assistant Solicitor General
                   (Barbara D. Underwood, Solicitor General,
                   Michael S. Belohlavek, Senior Counsel,
                   Matthew W. Grieco, Assistant Solicitor
                   General, *on the brief*)*, for* Eric T.
                   Schneiderman, Attorney General of the
                   State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED**.

Plaintiff-Appellant Maria Fosco appeals from the district court's award of summary judgment in favor of defendants, embodied in the court's Memorandum and Order dated January 5, 2012, on Fosco's claim that her employer retaliated against her in violation of Title VII of the Civil Rights Act of 1964. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643

2

F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Retaliation claims under Title VII are evaluated under a three-step burden-shifting analysis." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)) (internal quotations omitted). At the first step, "[t]o establish a prima facie case of retaliation, an employee must show that (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

The district court's grant of summary judgment depended upon its finding that Fosco had failed to present evidence of a causal connection between any protected activity in which she engaged and her reassignment to the admissions office. The court relied on the lack of temporal proximity

3

between Fosco's involvement in litigation and her transfer, but as Fosco notes, her argument depends not on timing but on direct evidence of statements made by her employers, in particular Queens College President James Muyskens and Dean Anthony Tamburri. Nonetheless, especially in light of the significant passage of time since the allegedly protected activity, we find that the comments, considered in context, do not constitute evidence from which a reasonable jury could conclude that defendants chose to reassign Fosco as a result of that activity. Because Fosco cannot make the required showing on this element of the four-part test, her retaliation claim fails.

We have considered Fosco's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's grant of summary judgment in defendants' favor is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4